IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| IVANA CUBROVIC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. FILE: MAY 28, 2008 |
| | ) | 08CV3069RCC |
| v. | ) | JUDGE SHADUR |
| | ) | MAGISTRATE JUDGE VALDEZ |
| **LUXURY MOTORS INC DBA** | ) | |
| **BENTLEY DOWNERS GROVE**, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Ivana Cubrovic, complains against Defendant, Luxury Motors Inc. d.b.a Bentley Downers Grove, ("Luxury Motors") as follows:

1. This case involves odometer fraud for a consumer automobile. Luxury Motors unfairly and deceptively induced Plaintiff into purchasing a vehicle to which it knew or should have known the odometer had been rolled back. During its scheme, Defendant misrepresented information required to be disclosed to Plaintiff by the Federal Odometer Act. Defendant used a fraudulent "Odometer Disclosure Statement" and misrepresented the actual mileage in order to conceal the history of the vehicle. In this action, Plaintiff demands a jury and also seeks redress for Defendant's violation of the Illinois Vehicle Code, and the Illinois Consumer Fraud and Deceptive Business Practices Act.

## JURISDICTION AND VENUE

2. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331, and 49 U.S.C. §32710. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

3. Plaintiff is a resident of the State of Georgia.

4. Defendant Luxury Motors Inc. d.b.a Bentley Downers Grove, ("Luxury Motors") is an Illinois corporation that transacts business in this district at 330 Ogden Avenue, Downers Grove, Il. 60515. Its registered agent is CT Corporation System at 208 S. LaSalle, Ste. 814, Chicago, Il. 60604.

5. Venue is proper in this district because the acts and transactions that give rise to this cause occurred, in substantial part, in this district.

## FACTS

6. On January 30, 2006, plaintiff purchased from defendant a used 2001 Mercedes VIN# WDBKK49F41F216190.

7. At the time of sale Luxury Motors provided an odometer statement to Ms. Cubrovic attesting that the actual milage was 37,105 miles. This was an inaccurate disclosure.

8. Ms. Cubrovic relied on the odometer statement that defendant provided as an accurate representation of the milage on the vehicle.

9. On February 20, 2008, plaintiff had her vehicle appraised at Carmax in Atlanta, Georgia.

10. Carmax appraised the vehicle for about $10,000 less then the blue book value and made th following comments in the appraisal: "Shows very well. Odometer Rollback per Autocheck and Previous Titles, significantly effects market value."

11. The previous titles and Autocheck revealed that on February 18, 2005, the vehicle was reported with 40,273 miles. Yet when Luxury Motors sold it almost a full year later on January 30, 2006 it only had 37,105 miles on it.

12. Plaintiff could not have discovered the violation until this point as Luxury Motors specifically concealed its fraud from her by submitting a false odometer disclosure.

13. As a result of defendant's concealment of the true milage any statute of limitations period should be equitably tolled until plaintiff discovered the fraud.

14. Upon discovering the odometer was rolled back, Ms. Cubrovic telephoned the dealership to attempt to get the dealership to resolve the situation.

15. Plaintiff spoke to Tony Preston who is one of the managers who advised her that she needed to talk to Kyle Racice who is the financial manager.

16. On February 26, 2008, plaintiff was able to talk to Kyle Racice who told her that Amy is the person who will be handling the "title issue" and plaintiff needed to talk to her.

17. Plaintiff telephoned Amy that same day and left her voice mail to call back, but she never responded to the message.

18. On February 28th plaintiff called Amy at 12:00p.m. and again at 3:12 p.m.

19. Eventually Amy returned plaintiff's calls and asserted that is was the dealership's fault since they had the wrong number when it filed the title, but that it can fix that issue.

20. Plaintiff requested Amy to fax proof of the old title that shows the correct miles.

21. Although, Amy promised that she would send the proof the next day or no later than Monday March 3rd, the proof was never sent and plaintiff never received any more telephone calls from Amy.

22. On March 5, 2008, plaintiff again called and left several voice mails for

different people in office. Yet no one at the dealership returned any of the calls.

23. On March 20, 2008, plaintiff called again and left voice mails for Kim Slivensky and left a message with the receptionist for Kyle Racice since his mailbox was full.

24. Kim Slivensky called back and told plaintiff that Mandy Jones is the title person who is handling this case and that she doesn't work at that location that day but Kim provided the telephone number (312) 280-4848 where Mandy could be reached that day.

25. Plaintiff called that number and talked to Mandy who told her to call Kelly at (630)241-4848.

26. Plaintiff then called Kelly and left her a voice mail message. Kelly did return the call and researched the file. Kelly informed plaintiff that nothing has been done regarding her issue since the manager failed to order the required documents.

27. Kelly then told plaintiff that she will take care of everything and promised to call plaintiff back in a week from that day to give a time when issue is going to be resolved.

28. Plaintiff received one voice mail from Kelly two weeks after the above conversation with message to call her back. After that voice mail, plaintiff left at least five voice mails for her to call back, but she never did.

29. A couple of days later, plaintiff again called the dealership and asked to talk to anyone who may be able to assist her. Tony Preston picked up the line and after plaintiff explained the above to him, Tony hung up on plaintiff.

30. When plaintiff called back, the receptionist informed plaintiff that Tony left a message for plaintiff to call Kyle Racice, which would just continue the needless runaround.

31. Luxury Motors' management has refused to resolve the situation despite

being informed of its wrong doing.

## COUNT I
### *Violation of the Federal Odometer Act*
### *[Disclosure of False Milage with the Intent to Defraud]*

32. Plaintiff incorporates by reference the allegations of paragraphs 1-31 as though set forth more fully in this count.

33. Defendant provided Plaintiff with a false odometer statement, in violation of the Federal Odometer Act, 49 U.S.C. 32701 et seq.

34. The conduct of the Defendant in providing a false odometer statement was done with intent to defraud, and constituted a violation of the Federal Odometer Act.

35. Defendant violated this statute with the intent to defraud Plaintiff because Defendant knew or should have known that the mileage disclosure was false and Defendant dealer was trying to deceptively sell the vehicle to Plaintiff and was violating federal law in an attempt to sell the vehicle.

36. An accurate disclosure was material to Plaintiff's decision to purchase the car.

37. As a proximate result of Defendant's breach of the federal odometer statute, Plaintiff suffered actual damages and the car's value is substantially impaired as a result.

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor and against Defendant and award:

(A) Statutory damages of $1,500, or treble actual damages, whichever is greater, under the 49 U.S.C. § 32710(c);

(B) Costs and attorney fees; and

(C)     Any other relief the Court deems just and appropriate.

### COUNT II
*Violation of the Federal Odometer Act*
*[Violation of Placement Requirement and Procedure*
*and Use of Deceptive Odometer Disclosure Statement Procedure]*

38.     Plaintiff incorporates by reference the allegations of paragraphs 1-31 as though set forth more fully in this count.

39.     Under federal law, Defendant was required to provide Plaintiff with an odometer disclosure on the title to the car which it was selling on January 30, 2006.

40.     Defendant violated the placement requirement of the Vehicle Information and Cost Saving Act because it did not use the title as the document to disclose the odometer mileage to Plaintiff.

41.     Defendant's violations were done with the intent to defraud.

42.     Defendant concealed title information from Plaintiff.

43.     Defendant substituted its own disclosure procedures.

44.     Defendant substituted its own procedures in violation of federal law in order to further its scheme to conceal the actual miles of the vehicle.

45.     Defendant knew, or should have known, of the Federal Odometer Act and its requirements regarding disclosure.

46.     Rather than disclose the mileage on the title as required, Defendant used a form called an "Odometer Disclosure Statement."

47.     Defendant made false disclosures on that document.

48.     Defendant did not check the "not actual milage" box as required.

49. Defendant misrepresented the mileage on the Odometer Disclosure Statement with an intent to defraud Plaintiff.

50. Plaintiff suffered actual damages as a result of the violation because she was deprived of material information that would have been provided by the title and accurate information.

51. Defendant never would have bought the car if she had the accurate information about vehicle history including the mileage of the car.

52. Had Plaintiff been shown the actual title document as required by the law, Plaintiff would have received the material information alleged herein.

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor and against Defendant and award:

(A) Statutory damages of $1,500, or treble actual damages, whichever is greater, under the 49 U.S.C. § 32710(c);

(B) Costs and attorney fees; and

(C) Any other relief the Court deems just and appropriate.

### COUNT III
### *Violation of the Illinois Motor Vehicle Code*

53. Plaintiff incorporates by reference the allegations of paragraph 1-51 as though set forth more fully herein this count.

54. At all times relevant there was in full force and effect in the State of Illinois a statute more commonly known as the Illinois Vehicle Code, 625 ILCS 5/3-112.1, which states in pertinent part:

> When the transferor signs the title transfer such transferor

acknowledges that he or she is aware that Federal regulations and State law require him or her to state the odometer mileage upon transfer of ownership. . . . A cause of action is hereby created by which any person who, with intent to defraud, violates any requirement imposed under this Section shall be liable in an amount equal to the sum of:

(1) three times the amount of actual damages sustained or $1,500, whichever is the greater;  and
(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court.

55. Defendant provided Plaintiff with a false odometer disclosure in that the car, in truth, had traveled more miles then represented by Defendant.

56. The conduct of the Defendant in providing a false odometer statement was done with intent to defraud, and constituted a violation of Illinois Vehicle Code, 625 ILCS 5/3-112.1.

57. Defendant violated this statute with the intent to further its scheme to deceptively sell Plaintiff a vehicle.

58. An accurate odometer disclosure was material to Plaintiff's decision to purchase a the car. As a proximate result of Defendants' breach of the Illinois Vehicle Code, Plaintiff suffered actual damages and in an amount to be proven at trial.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against Defendant and award:

    (A)    Treble actual damages or $1500, whichever is greater, under 625 ILCS 5/3-112.1

    (B)    Costs and attorney fees; and

    (C)    Any other relief the Court deems just and appropriate.

## COUNT IV
### *Violations of the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505*

59. Plaintiff realleges and incorporates paragraphs 1 through 57 into this count.

60. Defendant concealed material information about the milage history of the vehicle, which materially effected the value of the vehicle.

61. Plaintiff would have never bought the vehicle if she knew that the odometer had been rolled back.

62. Defendant knew or should have known that the vehicle's odometer was a rolled back as it had access to the title and/or reports that showed the proper mileage.

63. This concealment of information by Defendant occurred in the course of trade and commerce.

64. Defendant concealed this material information with the intent that Plaintiff rely on the concealment.

65. Plaintiff was damaged as a proximate cause of this concealment because she was fraudulently induced into purchasing a car that she otherwise would have never purchased and the value of it has been severely effected by the odometer tampering.

66. The concealment made by Defendant was willful or intentional and done with evil motive or reckless indifference to the rights of others.

67. The conduct of Defendant resulted in public injury and had an effect on consumers and the public interest generally. Consumers have a right to know the true millage of the vehicle sold. Defendant's intentional concealment on information regarding the history of the vehicle was unfair, deceptive and violated public policy.

WHEREFORE, Plaintiff asks that this Court enter judgment in her favor and against Defendant and award damages as follows:

    (A)    Actual damages in an amount to be proven at trial;

    (B)    Punitive damages in an amount sufficient to deter Defendant and punish it for its actions as to plaintiff;

    (C)    A declaration that this conduct violates the Illinois Consumer Fraud and Deceptive Business Practices Act.

    (D)    Reasonable attorney fees and costs; and

    (E)    Any such other relief the court deems appropriate.

## COUNT V – NEGLIGENCE

68.    Plaintiff incorporates ¶¶ 1-67.

69.    Defendant owed plaintiff a duty to(1) to disclose the title to plaintiff and (2) disclose the true milage of the vehicle.

70.    Defendant breached these duties.

71.    Plaintiff suffered damage as a proximate result of defendant's actions as the vehicle she purchased is worth less then an identical vehicle without its odometer rolled back.

WHEREFORE, Plaintiff, asks that this Court enter judgment in her favor and against defendant and award damages as follows:

    (A)    Actual damages in an amount to be proven at trial;

    (B)    Any such other relief the court deems appropriate.

Respectfully Submitted,
Ivana Cubrovic, Plaintiff


By: /s/ Keith J. Keogh
Her Attorney

Keith J. Keogh
Alexander H. Burke
LAW OFFICES OF KEITH J. KEOGH, LTD.
227 W. Monroe Street, Suite 2000
Chicago, Il 60606
312.726.1092
312.726.1093 (fax)
Keith@KeoghLaw.com

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/ Keith J. Keogh
Keith J. Keogh