**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IVANA CUBROVIC,           )<br>                                           )<br>           Plaintiff,         )<br>                                           )<br>v.                                      )<br>                                           )<br>LUXURY MOTORS, INC., d/b/a )<br>BENTLEY DOWNERS GROVE, )<br>                                           )<br>           Defendant.       ) | Case No. 08 CV 3069 RCC<br><br>Judge Shadur<br><br>Magistrate Judge Valdez |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

NOW COMES the Defendant, LUXURY MOTORS, INC., d/b/a BENTLEY DOWNERS GROVE ("Luxury"), by and through its attorneys, Bronson & Kahn LLC, and for its Answer and Affirmative Defenses to the Complaint of the Plaintiff, IVANA CUBROVIC ("Cubrovic"), states as follows:

### ANSWER

1. This case involves odometer fraud for a consumer automobile. Luxury Motors unfairly and deceptively induced Plaintiff into purchasing a vehicle to which it knew or should have known the odometer had been rolled back. During this scheme, Defendant misrepresented information required to be disclosed to Plaintiff by the Federal Odometer Act. Defendant used a fraudulent "Odometer Disclosure Statement" and misrepresented the actual mileage in order to conceal the history of the vehicle. In this action, Plaintiff demands a jury and also seeks redress for Defendant's violation of the Illinois Vehicle Code, and the Illinois Consumer Fraud and Deceptive Business Practices Act.

**ANSWER**:   Luxury admits that this case involves allegations of odometer fraud and denies the remaining allegations of ¶1.

## JURISDICTION AND VENUE

2.      Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331, and 49 U.S.C. §32710. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367.

**ANSWER**:    Luxury admits the allegations contained in ¶2.


3.      Plaintiff is a resident of the State of Georgia.

**ANSWER:**    Luxury is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶3.


4.      Defendant Luxury Motors, Inc. d/b/a Bentley Downers Grove, ("Luxury Motors") is an Illinois corporation that transacts business in this district at 330 Ogden Avenue, Downers Grove, IL 60515.  Its registered agent is CT Corporation System at 208 S. LaSalle, Ste. 814, Chicago, IL 60604.

**ANSWER**:    Luxury admits the allegations contained in ¶4.


5.      Venue is proper in this district because the acts and transactions that give rise to this cause occurred, in substantial part, in this district.

**ANSWER**:    Luxury admits the allegations contained in ¶5.

## FACTS

6.      On January 30, 2006, Plaintiff purchased from Defendant a used 2001 Mercedes VIN#WDBKK49F41F216190.

**ANSWER**:    Luxury admits the allegations contained in ¶6.

J:\X FILES\000--LITIGATION--000\Luxury advs. Cubrovic\Answer-Aff-Def-Complaint.doc

2

7.      At the time of the sale Luxury Motors provided an odometer statement to Ms. Cubrovic attesting that the actual mileage was 37,105 miles.  This was an inaccurate disclosure.

**ANSWER**:     Luxury admits that it provided Plaintiff with an odometer statement reflecting actual mileage of 37,105, but denies that this statement was in any way inaccurate or fraudulent.

8.      Ms. Cubrovic relied on the odometer statement that Defendant provided as an accurate representation of the mileage of the vehicle.

**ANSWER**:     Luxury is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶8.

9.      On February 20, 2008, Plaintiff had her vehicle appraised at Carmax in Atlanta, Georgia.

**ANSWER**:     Luxury is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶9.

10.     Carmax appraised the vehicle for about $10,000 less than the blue book value and made the following comments in the appraisal: "Shows very well, Odometer Rollback per Autocheck and Previous Titles, significantly effect market value."

**ANSWER**:     Luxury is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶10.

11.     The previous title and Autocheck revealed on February 18, 2005, the vehicle was reported with 40,273.  Yet when Luxury Motors sold it almost a full year later on January 30, 2006 it only had 37,105 miles on it.

J:\X FILES\000--LITIGATION--000\Luxury advs. Cubrovic\Answer-Aff-Def-Complaint.doc

3

**ANSWER**: Luxury admits only that when it sold the subject vehicle to Plaintiff, the odometer reading was 37, 105, which was the actual mileage on that date.

12. Plaintiff could not have discovered the violation until this point as Luxury Motors specifically concealed its fraud from her by submitting a false odometer disclosure.

**ANSWER**: Luxury denies the allegations contained in ¶12 of the Complaint.

13. As a result of Defendant's concealment of the true mileage any statute of limitations period should be equitably tolled until Plaintiff discovered the fraud.

**ANSWER**: Luxury denies the allegations contained in ¶13 of the Complaint.

14. Upon discovering the odometer was rolled back, Ms. Cubrovic telephoned the dealership to attempt to get the dealership to resolve the situation.

**ANSWER**: Luxury admits only that Plaintiff communicated with Luxury personnel telephonically and that Luxury made a good faith attempt to investigate her complaints and to resolve the dispute.

15. Plaintiff spoke to Tony Preston who is one of the managers who advised her that she needed to talk to Kyle Racice who is the financial manager.

**ANSWER**: Luxury admits only that Plaintiff communicated with Luxury personnel telephonically and that Luxury made a good faith attempt to investigate her complaints and to resolve the dispute.

J:\X FILES\000--LITIGATION--000\Luxury advs. Cubrovic\Answer-Aff-Def-Complaint.doc

4

16. On February 26, 2008, plaintiff was able to talk to Kyle Racice [sic] who told her that Amy is the person who will be handling the "title issue" and plaintiff needed to talk to her.

**ANSWER**: Luxury admits only that Plaintiff communicated with Luxury personnel telephonically and that Luxury made a good faith attempt to investigate her complaints and to resolve the dispute.

17. Plaintiff telephoned Amy that same day and left her voice mail to call back, but she never responded to the message.

**ANSWER**: Luxury admits only that Plaintiff communicated with Luxury personnel telephonically and that Luxury made a good faith attempt to investigate her complaints and to resolve the dispute.

18. On February 28th plaintiff called Amy at 12:00 p.m. and again at 3:12 p.m.

**ANSWER**: Luxury admits only that Plaintiff communicated with Luxury personnel telephonically and that Luxury made a good faith attempt to investigate her complaints and to resolve the dispute.

19. Eventually Amy returned plaintiff's calls and asserted that it was the dealership's fault since they had the wrong number when it filed the title, but that it can fix that issue.

**ANSWER**: Luxury admits only that Plaintiff communicated with Luxury personnel telephonically and that Luxury made a good faith attempt to investigate her complaints and to resolve the dispute.

20. Plaintiff requested Amy to fax proof of he old title that shows the correct miles.

J:\X FILES\000--LITIGATION--000\Luxury advs. Cubrovic\Answer-Aff-Def-Complaint.doc

5

**ANSWER**: Luxury admits only that Plaintiff communicated with Luxury personnel telephonically and that Luxury made a good faith attempt to investigate her complaints and to resolve the dispute.

21. Although, Amy promised that she would send the proof the next day or no later than Monday, March 3rd, the proof was never sent and plaintiff never received any more telephone calls from Amy.

**ANSWER**: Luxury admits only that Plaintiff communicated with Luxury personnel telephonically and that Luxury made a good faith attempt to investigate her complaints and to resolve the dispute.

22. On March 5, 2008, plaintiff again called and left several voice mails for different people in the office. Yet no one at the dealership returned any of the calls.

**ANSWER**: Luxury admits only that Plaintiff communicated with Luxury personnel telephonically and that Luxury made a good faith attempt to investigate her complaints and to resolve the dispute.

23. On March 20, 2008, plaintiff called again and left voice mails for Kim Slivensky and left a message with the receptionist for Kyle Racice [sic] since his mailbox was full.

**ANSWER**: Luxury admits only that Plaintiff communicated with Luxury personnel telephonically and that Luxury made a good faith attempt to investigate her complaints and to resolve the dispute.

J:\X FILES\000--LITIGATION--000\Luxury advs. Cubrovic\Answer-Aff-Def-Complaint.doc

6

24. Kim Slivensky called back and told plaintiff that Mandy Jones is the title person who is handling this case and that she doesn't work at that location that day but Kim provided the telephone number (312) 280-4848 where Mandy could be reached that day.

**ANSWER**: Luxury admits only that Plaintiff communicated with Luxury personnel telephonically and that Luxury made a good faith attempt to investigate her complaints and to resolve the dispute.

25. Plaintiff called the number and talked to Mandy who told her to call Kelly at (630) 241-4848.

**ANSWER**: Luxury admits only that Plaintiff communicated with Luxury personnel telephonically and that Luxury made a good faith attempt to investigate her complaints and to resolve the dispute.

26. Plaintiff then called Kelly and left her a voice mail message. Kelly did return the call and researched the file. Kelly informed plaintiff that nothing had been done regarding her issue since the manager failed to order the required documents.

**ANSWER**: Luxury admits only that Plaintiff communicated with Luxury personnel telephonically and that Luxury made a good faith attempt to investigate her complaints and to resolve the dispute.

27. Kelly then told plaintiff that she will take care of everything and promised to call plaintiff back in a week from that day to give a time when issue is going to be resolved.

J:\X FILES\000--LITIGATION--000\Luxury advs. Cubrovic\Answer-Aff-Def-Complaint.doc

7

**ANSWER**: Luxury admits only that Plaintiff communicated with Luxury personnel telephonically and that Luxury made a good faith attempt to investigate her complaints and to resolve the dispute.

28. Plaintiff received one voice mail from Kelly two weeks after the above conversation with message to call her back. After that voice mail, plaintiff left at least five voice mails for her to call back, but she never did.

**ANSWER**: Luxury admits only that Plaintiff communicated with Luxury personnel telephonically and that Luxury made a good faith attempt to investigate her complaints and to resolve the dispute.

29. A couple of day's later, plaintiff again called the dealership and asked to talk to anyone who may be able to assist her. Tony Preston picked up the line and after plaintiff explained the above to him, Tony hung up on plaintiff.

**ANSWER**: Luxury admits only that Plaintiff communicated with Luxury personnel telephonically and that Luxury made a good faith attempt to investigate her complaints and to resolve the dispute.

30. When plaintiff called back, the receptionist informed plaintiff that Tony left a message for plaintiff to call Kyle Racice [sic], which would just continue the needless runaround.

**ANSWER**: Luxury admits only that Plaintiff communicated with Luxury personnel telephonically and that Luxury made a good faith attempt to investigate her complaints and to resolve the dispute.

J:\X FILES\000--LITIGATION--000\Luxury advs. Cubrovic\Answer-Aff-Def-Complaint.doc

8

31.    Luxury Motors' management refused to resolve the situation despite being informed of its wrong doing.

**ANSWER**:    Luxury denies the allegations contained in ¶31 of the Complaint.

## COUNT I

### Violation of the Federal Odometer Act
### (Disclosure of False Mileage with the Intent to Defraud)

32.    Plaintiff incorporates by reference the allegations of paragraphs 1-31 as though set forth more fully in this count.

**ANSWER**:    Luxury repeats its answers to ¶¶1-31 hereinabove as and for its answer to this ¶32 of Count I of the Complaint as if recited herein at length.

33.    Defendant provided Plaintiff with a false odometer statement, in violation of the Federal Odometer Act, 49 U.S.C. 32701 et seq.

**ANSWER**:    Luxury denies the allegations contained in ¶33 of the Complaint.

34.    The conduct of the Defendant in providing a false odometer statement was done with intent to defraud, and constituted a violation of the Federal Odometer Act.

**ANSWER**:    Luxury denies the allegations contained in ¶34 of the Complaint.

35.    Defendant violated this statute with the intent to defraud Plaintiff because Defendant knew or should have known that that mileage disclosure was false and Defendant dealer was trying to deceptively sell the vehicle to Plaintiff and was violating federal law in an attempt to sell the vehicle.

**ANSWER**:    Luxury denies the allegations contained in ¶35 of the Complaint.

36.    An accurate disclosure was material to Plaintiff's decision to purchase the car.

J:\X FILES\000--LITIGATION--000\Luxury advs. Cubrovic\Answer-Aff-Def-Complaint.doc

9

**ANSWER**:   Luxury is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶36.

37.   As a proximate result of Defendant's breach of the federal odometer statute, Plaintiff suffered actual damages and the car's value is substantially impaired as a result.

**ANSWER**:   Luxury denies the allegations contained in ¶37 of the Complaint.

WHEREFORE, the Defendant, LUXURY MOTORS INC., d/b/a BENTLEY DOWNERS GROVE, prays that Count I of the Complaint of the Plaintiff, IVANA CUBROVIC, be dismissed with prejudice and with costs assessed.

## COUNT II

### Violation of the Federal Odometer Act
### (Violation of Placement Requirement and Procedure
### and Use of Deceptive Odometer Disclosure Statement Procedure)

38.   Plaintiff incorporates by reference the allegations of paragraphs 1-31 as though set forth more fully in this count.

**ANSWER**:   Luxury repeats its answers to ¶¶1-31 hereinabove as and for its answer to this ¶38 of Count II of the Complaint as if recited herein at length.

39.   Under federal law, Defendant was required to provide Plaintiff with an odometer disclosure on the title to the car which it was selling on January 30, 2006.

**ANSWER**:   Luxury makes no answer to ¶39, as it improperly calls for a legal conclusion, and should therefore be stricken.

J:\X FILES\000--LITIGATION--000\Luxury advs. Cubrovic\Answer-Aff-Def-Complaint.doc

10

40. Defendant violated the placement requirement of the Vehicle Information and Cost Saving Act because it did not use the title as the document to disclose the odometer mileage to Plaintiff.

**ANSWER**:   Luxury denies the allegations contained in ¶40 of the Complaint.

41. Defendant's violations were done with the intent to defraud.

**ANSWER**:   Luxury denies the allegations contained in ¶41 of the Complaint.

42. Defendant concealed title information from Plaintiff.

**ANSWER**:   Luxury denies the allegations contained in ¶42 of the Complaint.

43. Defendant substituted its own disclosure procedures.

**ANSWER**:   Luxury denies the allegations contained in ¶43 of the Complaint.

44. Defendant substituted its own procedures in violation of federal law in order to further its scheme to conceal the actual miles of the vehicle.

**ANSWER**:   Luxury denies the allegations contained in ¶44 of the Complaint.

45. Defendant knew, or should have known, of the Federal Odometer Act and its requirements regarding disclosure.

**ANSWER**:   Luxury admits only that at all times relevant hereto, it was aware of the disclosure requirements of the Federal Odometer Act and that it made a good faith effort to comply therewith.

J:\X FILES\000--LITIGATION--000\Luxury advs. Cubrovic\Answer-Aff-Def-Complaint.doc

11

46. Rather than disclose the mileage on the title as required, Defendant used a form called an "Odometer Disclosure Statement."

**ANSWER**: Luxury admits that it disclosed the actual mileage of the subject vehicle to Plaintiff on an Odometer Disclosure Statement, but denies that it failed to disclose the actual mileage on the title to the Vehicle or otherwise failed to comply with the Federal Odometer Act.

47. Defendant made false disclosures on that document.

**ANSWER**: Luxury denies the allegations contained in ¶47 of the Complaint.

48. Defendant did not check the "not actual mileage" box as required.

**ANSWER**: Luxury denies that it was required to check the "not actual mileage" box.

49. Defendant misrepresented the mileage on the Odometer Disclosure Statement with an intent to defraud Plaintiff.

**ANSWER**: Luxury denies the allegations contained in ¶49 of the Complaint.

50. Plaintiff suffered actual damages as a result of the violation because she was deprived of material information that would have been provided by the title and accurate information.

**ANSWER**: Luxury denies the allegations contained in ¶50 of the Complaint.

51. Defendant [sic] never would have bought the car if she had the accurate information about the vehicle history including the mileage of the car.

**ANSWER**: Luxury denies the allegations contained in ¶51 of the Complaint.

52. Had Plaintiff been shown the actual title document as required by the law, Plaintiff would have received the material information alleged herein.

**ANSWER**:   Luxury denies the allegations contained in ¶52 of the Complaint.

WHEREFORE, the Defendant, LUXURY MOTORS INC., d/b/a BENTLEY DOWNERS GROVE, prays that Count II of the Complaint of the Plaintiff, IVANA CUBROVIC, be dismissed with prejudice and with costs assessed.

## COUNT III

### Violation of the Illinois Motor Vehicle Code

53. Plaintiff incorporates by reference the allegations of paragraph 1-51 as though set forth more fully herein this count.

**ANSWER**:   Luxury repeats its answers to ¶¶1-51 hereinabove as and for its answer to this ¶53 of Count III of the Complaint as if recited herein at length.

54. At all times relevant there was in full force and effect in the State of Illinois a statute more commonly known as the Illinois Vehicle Code, 625 ILCS 5/3-112.1, which states in pertinent part:

> When the transferor signs the title transfer such transferor acknowledges that he or she is aware that Federal regulations and State law require him or her to state the odometer mileage upon transfer of ownership . . . . A cause of action is hereby created by which any person who, with intent to defraud, violates any requirement imposed under this Section shall be liable in an amount equal to the sum of:
>
> (1)   three times the amount of actual damages sustained or $1,500, whichever is the greater; and
>
> (2)   in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court.

J:\X FILES\000--LITIGATION--000\Luxury advs. Cubrovic\Answer-Aff-Def-Complaint.doc

13

**ANSWER**:   Luxury admits only that Plaintiff has correctly recited the designated portions of the statute in question.

55.   Defendant provided Plaintiff with a false odometer disclosure in that the car, in truth, had traveled more miles than represented by Defendant.

**ANSWER**:   Luxury denies the allegations contained in ¶55 of the Complaint.

56.   The conduct of Defendant in providing a false odometer statement was done with intent to defraud, and constituted a violation of Illinois Vehicle Code, 625 ILCS 5/3-112.1.

**ANSWER**:   Luxury denies the allegations contained in ¶56 of the Complaint.

57.   Defendant violated this statute with the intent to further its scheme to deceptively sell Plaintiff a vehicle.

**ANSWER**:   Luxury denies the allegations contained in ¶57 of the Complaint.

58.   An accurate odometer disclosure was material to Plaintiff's decision to purchase the car. As a proximate result of Defendants' breach of the Illinois Vehicle Code, Plaintiff suffered actual damages and in an amount to be proven at trial.

**ANSWER**:   Luxury denies the allegations contained in ¶58 of the Complaint.

WHEREFORE, the Defendant, LUXURY MOTORS INC., d/b/a BENTLEY DOWNERS GROVE, prays that Count III of the Complaint of the Plaintiff, IVANA CUBROVIC, be dismissed with prejudice and with costs assessed.

# COUNT IV

## Violations of the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505

59. Plaintiff realleges and incorporates paragraphs 1 through 57 into this count.

**ANSWER**: Luxury repeats its answers to ¶¶1-57 hereinabove as and for its answer to this ¶59 of Count IV of the Complaint as if recited herein at length.

60. Defendant concealed material information about the mileage history of the vehicle, which materially effected the value of the vehicle.

**ANSWER**: Luxury denies the allegations contained in ¶60 of the Complaint.

61. Plaintiff would have never bought the vehicle if she knew that the odometer had been rolled back.

**ANSWER**: Luxury is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶61.

62. Defendant knew or should have known that the vehicle's odometer was a rolled back as it had access to the title and/or reports that showed the proper mileage.

**ANSWER**: Luxury denies the allegations contained in ¶62 of the Complaint.

63. This concealment of information by Defendant occurred in the course of trade and commerce.

**ANSWER**: Luxury denies the allegations contained in ¶63 of the Complaint.

64.     Defendant concealed this material information with the intent that Plaintiff rely on the concealment.

**ANSWER**:     Luxury denies the allegations contained in ¶64 of the Complaint.

65.     Plaintiff was damaged as a proximate cause of this concealment because she was fraudulently induced into purchasing a car that she otherwise would have never purchased and the value of it has been severely effected [sic] by the odometer tampering.

**ANSWER**:     Luxury denies the allegations contained in ¶65 of the Complaint.

66.     The concealment made by Defendant was willful or intentional and done with evil motive or reckless indifference to the rights of others.

**ANSWER**:     Luxury denies the allegations contained in ¶66 of the Complaint.

67.     The conduct of Defendant resulted in public injury and had an effect on consumers and the public interest generally.  Consumers have a right to know the true mileage of the vehicle sold.  Defendant's intentional concealment on [sic] information regarding the history of the vehicle was unfair, deceptive and violated public policy.

**ANSWER**:     Luxury denies the allegations contained in ¶67 of the Complaint.

WHEREFORE, the Defendant, LUXURY MOTORS INC., d/b/a BENTLEY DOWNERS GROVE, prays that Count IV of the Complaint of the Plaintiff, IVANA CUBROVIC, be dismissed with prejudice and with costs assessed.

## COUNT V - NEGLIGENCE

68. Plaintiff incorporates ¶¶1-67.

**ANSWER**: Luxury repeats its answers to ¶¶1-67 hereinabove as and for its answer to this ¶68 of Count V of the Complaint as if recited herein at length.

69. Defendant owed plaintiff a duty to (1) to disclose the title to plaintiff and (2) disclose the true mileage of the vehicle.

**ANSWER**: Luxury makes no answer to ¶69, as it improperly calls for a legal conclusion, and should therefore be stricken.

70. Defendant breached these duties.

**ANSWER**: Luxury denies the allegations contained in ¶70 of the Complaint.

71. Plaintiff suffered damage as a proximate result of defendant's actions as the vehicle she purchased is worth less then an identical vehicle without its odometer rolled back.

**ANSWER**: Luxury denies the allegations contained in ¶71 of the Complaint.

WHEREFORE, the Defendant, LUXURY MOTORS INC., d/b/a BENTLEY DOWNERS GROVE, prays that Count V of the Complaint of the Plaintiff, IVANA CUBROVIC, be dismissed with prejudice and with costs assessed.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense** – Counts I-V of the Complaint fail to state claims upon which relief can be granted.

**Second Affirmative Defense** – Counts I-III and V of the Complaint are barred by the applicable statutes of limitation.

J:\X FILES\000--LITIGATION--000\Luxury advs. Cubrovic\Answer-Aff-Def-Complaint.doc

17

**Third Affirmative Defense** – The Count V negligence claim is barred as a matter of Illinois law by the economic loss/*Moorman* doctrine.

**Fourth Affirmative Defense** – The Count IV Consumer Fraud Act claim has not been pled with the requisite specificity.

**Fifth Affirmative Defense** – The maintenance records for the subject vehicle (copies of which are attached hereto as Exhibit "A"), demonstrate that the actual mileage of the vehicle was accurately disclosed by Luxury to Plaintiff at the time of sale, that the odometer was not "rolled back" and that any prior discrepancy in the chain of title with respect to the recording of the mileage was itself erroneous and was the proximate cause of the confusion concerning the mileage of the vehicle.

WHEREFORE, the Defendant, LUXURY MOTORS INC., d/b/a BENTLEY DOWNERS GROVE, prays that Counts I-V of the Complaint of the Plaintiff, IVANA CUBROVIC, be dismissed with prejudice and with costs assessed.

> Respectfully submitted:
> Defendant, LUXURY MOTORS, INC., d/b/a BENTLEY DOWNERS GROVE
>
> By: /s/ Clive D. Kamins
>     One of Its Attorneys

David A. Shapiro
Clive D. Kamins
Bronson & Kahn LLC
150 North Wacker Drive
Suite 1400
Chicago, Illinois  60606
(312) 553-1700