IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IVANA CUBROVIC,                    )
                                   )
                Plaintiff,         )
                                   )
     v.                            )     No.  08 C 3069
                                   )
LUXURY MOTORS, INC., etc.,         )
                                   )
                Defendant.         )

MEMORANDUM ORDER

     Luxury Motors, Inc. d/b/a Bentley Downers Grove ("Luxury")

has filed its Answer and Affirmative Defenses ("ADs") to the

asserted odometer fraud action brought against it by Ivana

Cubrovic ("Cubrovic").  This is the most recent of what seems to

be an unending stream of defense counsel pleadings that violate

fundamental principles of federal pleading, a phenomenon that

caused this Court several years back to issue an Appendix to its

opinion in State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D.

276, 278 (N.D. Ill. 2001)--both to facilitate summary references

to the most common violations and, consequently, to spare its

secretary a good deal of repetitive work.  In this instance

defense counsel have committed some of the sins identified in

State Farm, in addition to which counsel's fertile imagination

has produced a new--and equally unacceptable--violation.

     To begin with a State Farm-identified violation, Answer ¶¶39

and 69 decline to answer each of the corresponding Complaint

allegations, purportedly because "it improperly calls for a legal

conclusion, and should therefore be stricken." That is dead
wrong--see App. ¶2 to <u>State Farm</u>--and instead the offending
<u>answers</u> are stricken.

Before this memorandum order turns to what constitutes
defense counsel's most pervasive violation, brief mention should
be made of the impermissible treatment given to Complaint ¶48:

> 48. Defendant did not check the "not actual
> mileage" box as required.

> ANSWER: Luxury denies that it was required to
> check the "not actual mileage" box.

That retort is clearly nonresponsive to the allegation that
Luxury did not check the box at issue, thus violating the mandate
in Fed. R. Civ. P. ("Rule") 8(b)(1)(B) to "admit or deny the
allegations asserted against it by an opposing party." Hence
that paragraph of the Answer is also stricken, although Luxury
may appropriately follow an admission or denial of the
Complaint's allegation with an assertion that it had no such
requirement.

That leads logically to the most pervasive of counsel's
violations: fully 17 consecutive paragraphs (Answer ¶¶14-30)
that, instead of saying "aye" or "nay" to Cubrovic's allegations
(or perhaps, where appropriate, invoking the disclaimer permitted
by Rule 8(b)(5)), state again and again:

> Luxury admits only that Plaintiff communicated with
> Luxury personnel telephonically and that Luxury made a
> good faith attempt to investigate her complaints and to
> resolve the dispute.

Those generic nonresponses to Cubrovic's specific allegations are stricken as well.

As for the ADs that follow the Answer, a number of them are problematic in terms of Rule 8(c) and the caselaw applying it (as to which see App. ¶5 to <u>State Farm</u>).  Here are the problems:

1.  As for AD 1, it is questionable whether the equivalent of a Rule 12(b)(6) motion is appropriately included as an AD.  That aside, however, if there is a desire on defense counsel's part to challenge the legal sufficiency of any portion or all of the Complaint, that must be done by a properly supported motion--and it must be done promptly, failing which any such challenge will be denied.

2.  ADs 2 and 3 should be made the subject of an early motion or motions with supporting authorities, so that the issues raised there may be addressed and the action may be focused more precisely if it turns out that Luxury's claims are valid.  Absent such early motion practice, those ADs will be considered to have been waived.

3.  AD 4 is rejected, because this Court's reading of the Complaint finds that it has identified "with particularity the <u>circumstances</u> constituting fraud" (Rule 9(b)).  If Luxury needs more particulars as to the specific evidence supporting the Complaint's allegations,

3

discovery is available to it.

4.  As to AD 5, the courtesy copy of the Answer
delivered to this Court's chambers has not included the
maintenance records referred to there as Ex. A.  Apart from
that, however, what is said in AD 5 is at odds with Rule
8(c)'s fundamental concept that requires a plaintiff's
allegations to be accepted as gospel.  Nonetheless, because
the AD is informative as to Luxury's position on a key
issue, it need not be eliminated from the Amended Answer and
ADs that are ordered hereafter.

Because it would make no sense for Luxury's counsel to
prepare an amendment that would simply cure the matters referred
to here while leaving the rest of the present Answer intact, the
Answer and ADs are stricken in their entirety.  Leave is of
course granted to file a self-contained Amended Answer and ADs on
or before July 7, 2008.  Defense counsel are ordered (1) to make
no charge for the time and expense involved in correcting their
errors by filing the new pleading called for here, (2) to pay
$500 to the Clerk of Court by reason of their having ignored the
caveat that has led off this Court's website for some time--a
caveat that refers expressly to the State Farm Appendix--and
(3) to notify their clients by letter as to the content of this
memorandum order, with a copy of the letter to be transmitted to

this Court (solely for informational purposes, not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date:  June 20, 2008