**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IVANA CUBROVIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 08 CV 3069 RCC |
| v. | ) | |
| | ) | Judge Shadur |
| LUXURY MOTORS, INC., d/b/a | ) | |
| BENTLEY DOWNERS GROVE, | ) | Magistrate Judge Valdez |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S AMENDED ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT**

NOW COMES the Defendant, LUXURY MOTORS, INC., d/b/a BENTLEY DOWNERS GROVE ("Luxury"), by and through its attorneys, Bronson & Kahn LLC, and for its Amended Answer and Affirmative Defenses to the Complaint of the Plaintiff, IVANA CUBROVIC ("Cubrovic"), states as follows:

**ANSWER**

1.      This case involves odometer fraud for a consumer automobile. Luxury Motors unfairly and deceptively induced Plaintiff into purchasing a vehicle to which it knew or should have known the odometer had been rolled back. During this scheme, Defendant misrepresented information required to be disclosed to Plaintiff by the Federal Odometer Act. Defendant used a fraudulent "Odometer Disclosure Statement" and misrepresented the actual mileage in order to conceal the history of the vehicle. In this action, Plaintiff demands a jury and also seeks redress for Defendant's violation of the Illinois Vehicle Code, and the Illinois Consumer Fraud and Deceptive Business Practices Act.

**ANSWER**:    Luxury admits that this case involves allegations of odometer fraud and that Plaintiff demands a jury. Luxury denies the remaining allegations of ¶1.

## JURISDICTION AND VENUE

2.      Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331, and 49 U.S.C. §32710. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367.

**ANSWER**:      Luxury admits the allegations contained in ¶2.


3.      Plaintiff is a resident of the State of Georgia.

**ANSWER:**      Luxury is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶3.


4.      Defendant Luxury Motors, Inc. d/b/a Bentley Downers Grove, ("Luxury Motors") is an Illinois corporation that transacts business in this district at 330 Ogden Avenue, Downers Grove, IL 60515.  Its registered agent is CT Corporation System at 208 S. LaSalle, Ste. 814, Chicago, IL 60604.

**ANSWER**:      Luxury admits the allegations contained in ¶4.


5.      Venue is proper in this district because the acts and transactions that give rise to this cause occurred, in substantial part, in this district.

**ANSWER**:      Luxury admits the allegations contained in ¶5.


## FACTS

6.      On January 30, 2006, Plaintiff purchased from Defendant a used 2001 Mercedes VIN#WDBKK49F41F216190.

**ANSWER**:      Luxury admits the allegations contained in ¶6.

J:\X FILES\000--LITIGATION--000\Luxury advs. Cubrovic\Amended-Answer-Aff-Def-Complaint.doc

2

7.     At the time of the sale Luxury Motors provided an odometer statement to Ms. Cubrovic attesting that the actual mileage was 37,105 miles.  This was an inaccurate disclosure.

**ANSWER**:     Luxury admits that it provided Plaintiff with an odometer statement reflecting actual mileage of 37,105, but denies that this statement was in any way inaccurate or fraudulent.

8.     Ms. Cubrovic relied on the odometer statement that Defendant provided as an accurate representation of the mileage of the vehicle.

**ANSWER**:     Luxury is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶8.

9.     On February 20, 2008, Plaintiff had her vehicle appraised at Carmax in Atlanta, Georgia.

**ANSWER**:     Luxury is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶9.

10.     Carmax appraised the vehicle for about $10,000 less than the blue book value and made the following comments in the appraisal: "Shows very well, Odometer Rollback per Autocheck and Previous Titles, significantly effect market value."

**ANSWER**:     Luxury is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶10.

11.     The previous title and Autocheck revealed on February 18, 2005, the vehicle was reported with 40,273.  Yet when Luxury Motors sold it almost a full year later on January 30, 2006 it only had 37,105 miles on it.

**ANSWER**:    Luxury admits only that when it sold the subject vehicle to Plaintiff, the odometer reading was 37, 105, which was the actual mileage on that date.

12.    Plaintiff could not have discovered the violation until this point as Luxury Motors specifically concealed its fraud from her by submitting a false odometer disclosure.

**ANSWER**:    Luxury denies the allegations contained in ¶12 of the Complaint.

13.    As a result of Defendant's concealment of the true mileage any statute of limitations period should be equitably tolled until Plaintiff discovered the fraud.

**ANSWER**:    Luxury denies the allegations contained in ¶13 of the Complaint.

14.    Upon discovering the odometer was rolled back, Ms. Cubrovic telephoned the dealership to attempt to get the dealership to resolve the situation.

**ANSWER**:    Luxury admits the allegations contained in ¶14.

15.    Plaintiff spoke to Tony Preston who is one of the managers who advised her that she needed to talk to Kyle Racice [sic] who is the financial manager.

**ANSWER**:    Luxury is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶15.

16.    On February 26, 2008, plaintiff was able to talk to Kyle Racice [sic] who told her that Amy is the person who will be handling the "title issue" and plaintiff needed to talk to her.

**ANSWER**:    Luxury is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶16.

J:\X FILES\000--LITIGATION--000\Luxury advs. Cubrovic\Amended-Answer-Aff-Def-Complaint.doc

4

17.     Plaintiff telephoned Amy that same day and left her voice mail to call back, but she never responded to the message.

**ANSWER**:    Luxury is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶17.

18.     On February 28th plaintiff called Amy at 12:00 p.m. and again at 3:12 p.m.

**ANSWER**:    Luxury is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶18.

19.     Eventually Amy returned plaintiff's calls and asserted that it was the dealership's fault since they had the wrong number when it filed the title, but that it can fix that issue.

**ANSWER**:    Luxury admits that its employee, Amy Sherman, spoke with Plaintiff and stated that she would investigate Plaintiff's situation and have the appropriate person rectify the apparent clerical error concerning the odometer reading.    Luxury denies the remaining allegations contained in ¶19.

20.     Plaintiff requested Amy to fax proof of the old title that shows the correct miles.

**ANSWER**:    Luxury admits that Plaintiff requested that Amy Sherman send Plaintiff a copy of the title to the subject vehicle reflecting the correct mileage, but denies that Ms. Sherman promised to do so since the title was not in her possession.

21.     Although, Amy promised that she would send the proof the next day or no later than Monday, March 3rd, the proof was never sent and plaintiff never received any more telephone calls from Amy.

J:\X FILES\000--LITIGATION--000\Luxury advs. Cubrovic\Amended-Answer-Aff-Def-Complaint.doc

5

**ANSWER**:     Luxury denies the allegations contained in ¶21 of the Complaint.

22.     On March 5, 2008, plaintiff again called and left several voice mails for different people in the office.  Yet no one at the dealership returned any of the calls.

**ANSWER**:     Luxury is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶22.

23.     On March 20, 2008, plaintiff called again and left voice mails for Kim Slivensky and left a message with the receptionist for Kyle Racice [sic] since his mailbox was full.

**ANSWER**:     Luxury is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶23.

24.     Kim Slivensky called back and told plaintiff that Mandy Jones is the title person who is handling this case and that she doesn't work at that location that day but Kim provided the telephone number (312) 280-4848 where Mandy could be reached that day.

**ANSWER**:     Luxury admits the allegations contained in ¶24.

25.     Plaintiff called the number and talked to Mandy who told her to call Kelly at (630) 241-4848.

**ANSWER**:     Luxury admits the allegations contained in ¶25.

26.     Plaintiff then called Kelly and left her a voice mail message.  Kelly did return the call and researched the file.  Kelly informed plaintiff that nothing had been done regarding her issue since the manager failed to order the required documents.

J:\X FILES\000--LITIGATION--000\Luxury advs. Cubrovic\Amended-Answer-Aff-Def-Complaint.doc

6

**ANSWER**:     Luxury admits that Kelly McPartlin, a Title Clerk employed by Luxury at its Downers Grove dealership, contacted Plaintiff and told her she would investigate Plaintiff's complaint and take the appropriate action in response thereto.  Luxury denies the remaining allegations contained in ¶26.

27.     Kelly then told plaintiff that she will take care of everything and promised to call plaintiff back in a week from that day to give a time when issue is going to be resolved.

**ANSWER**:     Luxury admits that Kelly McPartlin told Plaintiff she would investigate Plaintiff's complaint and take the appropriate action in response thereto.  Further answering, Luxury states that Ms. McPartlin, at Plaintiff's request, told Plaintiff that she would also look into the possibility of Luxury taking the subject vehicle back as a trade-in on the purchase of another vehicle.  Luxury denies the remaining allegations contained in ¶27.

28.     Plaintiff received one voice mail from Kelly two weeks after the above conversation with message to call her back. After that voice mail, plaintiff left at least five voice mails for her to call back, but she never did.

**ANSWER**:     Luxury is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶28.

29.     A couple of days later, plaintiff again called the dealership and asked to talk to anyone who may be able to assist her.  Tony Preston picked up the line and after plaintiff explained the above to him, Tony hung up on plaintiff.

**ANSWER**:     Luxury is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶29

J:\X FILES\000--LITIGATION--000\Luxury advs. Cubrovic\Amended-Answer-Aff-Def-Complaint.doc

7

30.    When plaintiff called back, the receptionist informed plaintiff that Tony left a message for plaintiff to call Kyle Racice [sic], which would just continue the needless runaround.

**ANSWER**:    Luxury is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶30.

31.    Luxury Motors' management refused to resolve the situation despite being informed of its wrong doing.

**ANSWER**:    Luxury denies the allegations contained in ¶31 of the Complaint and states that it was attempting to correct the clerical error on the title at the time Plaintiff filed suit.

## COUNT I

### Violation of the Federal Odometer Act
### (Disclosure of False Mileage with the Intent to Defraud)

32.    Plaintiff incorporates by reference the allegations of paragraphs 1-31 as though set forth more fully in this count.

**ANSWER**:    Luxury repeats its answers to ¶¶1-31 hereinabove as and for its answer to this ¶32 of Count I of the Complaint as if recited herein at length.

33.    Defendant provided Plaintiff with a false odometer statement, in violation of the Federal Odometer Act, 49 U.S.C. 32701 et seq.

**ANSWER**:    Luxury denies the allegations contained in ¶33 of the Complaint.

34.    The conduct of the Defendant in providing a false odometer statement was done with intent to defraud, and constituted a violation of the Federal Odometer Act.

**ANSWER**:    Luxury denies the allegations contained in ¶34 of the Complaint.

J:\X FILES\000--LITIGATION--000\Luxury advs. Cubrovic\Amended-Answer-Aff-Def-Complaint.doc

8

35.    Defendant violated this statute with the intent to defraud Plaintiff because Defendant knew or should have known that that mileage disclosure was false and Defendant dealer was trying to deceptively sell the vehicle to Plaintiff and was violating federal law in an attempt to sell the vehicle.

**ANSWER**:    Luxury denies the allegations contained in ¶35 of the Complaint.

36.    An accurate disclosure was material to Plaintiff's decision to purchase the car.

**ANSWER**:    Luxury is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶36.

37.    As a proximate result of Defendant's breach of the federal odometer statute, Plaintiff suffered actual damages and the car's value is substantially impaired as a result.

**ANSWER**:    Luxury denies the allegations contained in ¶37 of the Complaint.

WHEREFORE, the Defendant, LUXURY MOTORS INC., d/b/a BENTLEY DOWNERS GROVE, prays that Count I of the Complaint of the Plaintiff, IVANA CUBROVIC, be dismissed with prejudice and with costs assessed.

## COUNT II

### Violation of the Federal Odometer Act
### (Violation of Placement Requirement and Procedure
### and Use of Deceptive Odometer Disclosure Statement Procedure)

38.    Plaintiff incorporates by reference the allegations of paragraphs 1-31 as though set forth more fully in this count.

**ANSWER**:    Luxury repeats its answers to ¶¶1-31 hereinabove as and for its answer to this ¶38 of Count II of the Complaint as if recited herein at length.

J:\X FILES\000--LITIGATION--000\Luxury advs. Cubrovic\Amended-Answer-Aff-Def-Complaint.doc

9

39.     Under federal law, Defendant was required to provide Plaintiff with an odometer disclosure on the title to the car which it was selling on January 30, 2006.

**<u>ANSWER</u>**:     Luxury admits that it was required to comply with the provisions of the Federal Odometer Law, 49 U.S.C. §§32701-32711, with respect to its sale of the subject vehicle to Plaintiff.

40.     Defendant violated the placement requirement of the Vehicle Information and Cost Saving Act because it did not use the title as the document to disclose the odometer mileage to Plaintiff.

**<u>ANSWER</u>**:     Luxury denies the allegations contained in ¶40 of the Complaint.

41.     Defendant's violations were done with the intent to defraud.

**<u>ANSWER</u>**:     Luxury denies the allegations contained in ¶41 of the Complaint.

42.     Defendant concealed title information from Plaintiff.

**<u>ANSWER</u>**:     Luxury denies the allegations contained in ¶42 of the Complaint.

43.     Defendant substituted its own disclosure procedures.

**<u>ANSWER</u>**:     Luxury denies the allegations contained in ¶43 of the Complaint.

44.     Defendant substituted its own procedures in violation of federal law in order to further its scheme to conceal the actual miles of the vehicle.

**<u>ANSWER</u>**:     Luxury denies the allegations contained in ¶44 of the Complaint.

J:\X FILES\000--LITIGATION--000\Luxury advs. Cubrovic\Amended-Answer-Aff-Def-Complaint.doc

10

45.    Defendant knew, or should have known, of the Federal Odometer Act and its requirements regarding disclosure.

**ANSWER**:    Luxury admits only that at all times relevant hereto, it was aware of the disclosure requirements of the Federal Odometer Act and that it made a good faith effort to comply therewith.

46.    Rather than disclose the mileage on the title as required, Defendant used a form called an "Odometer Disclosure Statement."

**ANSWER**:    Luxury admits that it disclosed the actual mileage of the subject vehicle to Plaintiff on an Odometer Disclosure Statement, but denies that it failed to disclose the actual mileage on the title to the Vehicle or otherwise failed to comply with the Federal Odometer Act.

47.    Defendant made false disclosures on that document.

**ANSWER**:    Luxury denies the allegations contained in ¶47 of the Complaint.

48.    Defendant did not check the "not actual mileage" box as required.

**ANSWER**:    Luxury admits that it did not check the "not actual mileage" box, but denies that it was required to do so.

49.    Defendant misrepresented the mileage on the Odometer Disclosure Statement with an intent to defraud Plaintiff.

**ANSWER**:    Luxury denies the allegations contained in ¶49 of the Complaint.

J:\X FILES\000--LITIGATION--000\Luxury advs. Cubrovic\Amended-Answer-Aff-Def-Complaint.doc

11

50.    Plaintiff suffered actual damages as a result of the violation because she was deprived of material information that would have been provided by the title and accurate information.

**ANSWER**:    Luxury denies the allegations contained in ¶50 of the Complaint.


51.    Defendant [sic] never would have bought the car if she had the accurate information about the vehicle history including the mileage of the car.

**ANSWER**:    Luxury denies the allegations contained in ¶51 of the Complaint.


52.    Had Plaintiff been shown the actual title document as required by the law, Plaintiff would have received the material information alleged herein.

**ANSWER**:    Luxury denies the allegations contained in ¶52 of the Complaint.


WHEREFORE, the Defendant, LUXURY MOTORS INC., d/b/a BENTLEY DOWNERS GROVE, prays that Count II of the Complaint of the Plaintiff, IVANA CUBROVIC, be dismissed with prejudice and with costs assessed.


## COUNT III

### Violation of the Illinois Motor Vehicle Code

53.    Plaintiff incorporates by reference the allegations of paragraph 1-51 as though set forth more fully herein this count.

**ANSWER**:    Luxury repeats its answers to ¶¶1-51 hereinabove as and for its answer to this ¶53 of Count III of the Complaint as if recited herein at length.

J:\X FILES\000--LITIGATION--000\Luxury advs. Cubrovic\Amended-Answer-Aff-Def-Complaint.doc

12

54.     At all times relevant there was in full force and effect in the State of Illinois a statute more commonly known as the Illinois Vehicle Code, 625 ILCS 5/3-112.1, which states in pertinent part:

> When the transferor signs the title transfer such transferor acknowledges that he or she is aware that Federal regulations and State law require him or her to state the odometer mileage upon transfer of ownership . . . . A cause of action is hereby created by which any person who, with intent to defraud, violates any requirement imposed under this Section shall be liable in an amount equal to the sum of:
>  (1)    three times the amount of actual damages sustained or $1,500, whichever is the greater; and
>
> (2)    in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court.

**ANSWER**:    Luxury admits only that Plaintiff has correctly recited the designated portions of the statute in question.

55.     Defendant provided Plaintiff with a false odometer disclosure in that the car, in truth, had traveled more miles than represented by Defendant.

**ANSWER**:    Luxury denies the allegations contained in ¶55 of the Complaint.

56.     The conduct of Defendant in providing a false odometer statement was done with intent to defraud, and constituted a violation of Illinois Vehicle Code, 625 ILCS 5/3-112.1.

**ANSWER**:    Luxury denies the allegations contained in ¶56 of the Complaint.

57.     Defendant violated this statute with the intent to further its scheme to deceptively sell Plaintiff a vehicle.

**ANSWER**:    Luxury denies the allegations contained in ¶57 of the Complaint.

J:\X FILES\000--LITIGATION--000\Luxury advs. Cubrovic\Amended-Answer-Aff-Def-Complaint.doc

13

58.     An accurate odometer disclosure was material to Plaintiff's decision to purchase the car. As a proximate result of Defendants' breach of the Illinois Vehicle Code, Plaintiff suffered actual damages and in an amount to be proven at trial.

**ANSWER**:     Luxury denies the allegations contained in ¶58 of the Complaint.

WHEREFORE, the Defendant, LUXURY MOTORS INC., d/b/a BENTLEY DOWNERS GROVE, prays that Count III of the Complaint of the Plaintiff, IVANA CUBROVIC, be dismissed with prejudice and with costs assessed.

### COUNT IV

**Violations of the Consumer Fraud and Deceptive
Business Practices Act, 815 ILCS 505**

59.     Plaintiff realleges and incorporates paragraphs 1 through 57 into this count.

**ANSWER**:     Luxury repeats its answers to ¶¶1-57 hereinabove as and for its answer to this ¶59 of Count IV of the Complaint as if recited herein at length.


60.     Defendant concealed material information about the mileage history of the vehicle, which materially effected the value of the vehicle.

**ANSWER**:     Luxury denies the allegations contained in ¶60 of the Complaint.


61.     Plaintiff would have never bought the vehicle if she knew that the odometer had been rolled back.

**ANSWER**:     Luxury is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶61.


62.     Defendant knew or should have known that the vehicle's odometer was a rolled back as it had access to the title and/or reports that showed the proper mileage.

**ANSWER**:     Luxury denies the allegations contained in ¶62 of the Complaint.


63.    This concealment of information by Defendant occurred in the course of trade and commerce.

**ANSWER**:     Luxury denies the allegations contained in ¶63 of the Complaint.


64.    Defendant concealed this material information with the intent that Plaintiff rely on the concealment.

**ANSWER**:     Luxury denies the allegations contained in ¶64 of the Complaint.


65.    Plaintiff was damaged as a proximate cause of this concealment because she was fraudulently induced into purchasing a car that she otherwise would have never purchased and the value of it has been severely effected [sic] by the odometer tampering.

**ANSWER**:     Luxury denies the allegations contained in ¶65 of the Complaint.


66.    The concealment made by Defendant was willful or intentional and done with evil motive or reckless indifference to the rights of others.

**ANSWER**:     Luxury denies the allegations contained in ¶66 of the Complaint.


67.    The conduct of Defendant resulted in public injury and had an effect on consumers and the public interest generally.  Consumers have a right to know the true mileage of the vehicle sold.  Defendant's intentional concealment on [sic] information regarding the history of the vehicle was unfair, deceptive and violated public policy.

**ANSWER**:     Luxury denies the allegations contained in ¶67 of the Complaint.

J:\X FILES\000--LITIGATION--000\Luxury advs. Cubrovic\Amended-Answer-Aff-Def-Complaint.doc

15

WHEREFORE, the Defendant, LUXURY MOTORS INC., d/b/a BENTLEY DOWNERS GROVE, prays that Count IV of the Complaint of the Plaintiff, IVANA CUBROVIC, be dismissed with prejudice and with costs assessed.

### COUNT V - NEGLIGENCE

68.     Plaintiff incorporates ¶¶1-67.

**ANSWER**:     Luxury repeats its answers to ¶¶1-67 hereinabove as and for its answer to this ¶68 of Count V of the Complaint as if recited herein at length.


69.     Defendant owed plaintiff a duty to (1) to disclose the title to plaintiff and (2) disclose the true mileage of the vehicle.

**ANSWER**:     Luxury admits that it was required to comply with the applicable provisions of the Federal Odometer Law, 49 U.S.C. §§32701-32711, and Section 3-112.1 of the Illinois Vehicle Code, 625 ILCS 5/3-112.1, in its sale of the subject vehicle to Plaintiff.


70.     Defendant breached these duties.

**ANSWER**:     Luxury denies the allegations contained in ¶70 of the Complaint.


71.     Plaintiff suffered damage as a proximate result of defendant's actions as the vehicle she purchased is worth less then an identical vehicle without its odometer rolled back.

**ANSWER**:     Luxury denies the allegations contained in ¶71 of the Complaint.


WHEREFORE, the Defendant, LUXURY MOTORS INC., d/b/a BENTLEY DOWNERS GROVE, prays that Count V of the Complaint of the Plaintiff, IVANA CUBROVIC, be dismissed with prejudice and with costs assessed.

## **AFFIRMATIVE DEFENSES**

**First Affirmative Defense** – Counts I-III and V of the Complaint are barred by the applicable statutes of limitation.

**Second Affirmative Defense** – The Count V negligence claim is barred as a matter of Illinois law by the economic loss/*Moorman* doctrine.

**Third Affirmative Defense** – The maintenance records for the subject vehicle (copies of which are attached hereto as Exhibit "A"), demonstrate that (1) the actual mileage of the vehicle was properly and accurately disclosed by Luxury to Plaintiff at the time of sale, (2) that the odometer was not "rolled back," (3) that any prior discrepancy in the chain of title with respect to the recording of the mileage was itself the result of an inadvertent clerical error which was the proximate cause of the confusion concerning the mileage of the vehicle, and (4) Luxury did not act with the intent to defraud Plaintiff.

WHEREFORE, the Defendant, LUXURY MOTORS INC., d/b/a BENTLEY DOWNERS GROVE, prays that Counts I-V of the Complaint of the Plaintiff, IVANA CUBROVIC, be dismissed with prejudice and with costs assessed.

Respectfully submitted:
Defendant, LUXURY MOTORS, INC., d/b/a BENTLEY DOWNERS GROVE

By: /s/ David A. Shapiro
          One of Its Attorneys

David A. Shapiro ARDC #3128208
Clive D. Kamins  ARDC #1389092
Bronson & Kahn LLC
150 North Wacker Drive
Suite 1400
Chicago, Illinois  60606
(312) 553-1700

J:\X FILES\000--LITIGATION--000\Luxury advs. Cubrovic\Amended-Answer-Aff-Def-Complaint.doc

17



Vehicle Master Inquiry (VMI)
FOR INTERNAL USE ONLY

| VIN | WDB KK49F41F216190 | Owner | | Engine No | 11199392112846 |
|---|---|---|---|---|---|
| FIN | WDB 1704491F216190 | Transmission No 72261602624041 | | | |

**Vehicle Info**
| Model/Year | SLK 230 KOMPRESSO 2001 | Upholstery | 211-Charcoal Leather | Paint | 744-Brilliant Silver |
|---|---|---|---|---|---|

**Warranty & Sale**
| Warranty Start | 08/29/2001 | Retail Date | 08/29/2001 | Selling Dealer | 22410 |
|---|---|---|---|---|---|

**Production Info**
| Radio Code | 86181 | Serial No | Y0947264 | Prod Date | 12/19/2000 |
|---|---|---|---|---|---|

**Status**
| Status Need Authorization | Mileage Discrepancies | Warranty < 30 Days | X Review History |
|---|---|---|---|

**Option Codes**
| Option | Description | Option | Description |
|---|---|---|---|
| 231 | Garage door opener | 249 | Automatically dimming int.and |
| 234 | Radio MB Audio 30 - USA | 264 | License plate for America |
| 305 | Cupholder | 349 | Basic fixing for alarm cell e |
| 421 | 5-speed automatic transmission | 461 | Instrument with mileage readin |
| 494 | US version | 524 | Paint protection |
| 551 | Anti-theft warning system | 580 | Air conditioning |
| 600 | Headlight cleaning system | 612 | Xenon headlamps right-side dr. |
| 634 | Omission of first-aid kit | 639 | Omission of warning triangle |
| 643 | 7-hole light-alloy wheels | 668 | Packing |
| 669 | Spare wheel / folding wheel | 673 | High-capacity battery |
| 801 | Technical modifications | 810 | Sound system |
| 873 | Heated front seats | 875 | Heated screen wash system |

**Campaigns/CI Action**
| No | Brief Desc | Board Date | | Status | Campaign Type |
|---|---|---|---|---|---|
| 2001070002 | VECI LABEL WRONG | 09/05/2001 | | CLOSED | SERVICE |
| 2006080005 | R170 TAIL LAMP | 09/08/2006 | | CLOSED | RECALL |

**Vehicle History**
| Damage Code | Damage Text | Dealer Code | RO No | Line No | Claim No | Repair Date | Miles | Service Type Seq No Desc |
|---|---|---|---|---|---|---|---|---|
| 0 88970 36 7 | Campaign 2006080005, Rep Tail | 17302 | 397234 | 8 | 41508369 | 2007/08/17 | 51,949 | 02-KDM  0001 (Campaign) |
| 0 88101 08 7 | Headlamp unit Broken | 67102 | 173337 | 1 | 34510552 | 2005/01/14 | 30,561 | 03-Warranty 0001 |
| 0 21847 00 7 | FLEXIBLE SVC SYSTEM (FSS) SERV | 67102 | 170684 | A | 34364860 | 2004/12/23 | 30,339 | 03-Warranty 0001 |
| 0 33112 01 7 | Rubber mount, control arm (wis | 67102 | 170684 | 7 | 34364850 | 2004/12/23 | 30,339 | 03-Warranty 0005 |
| 0 25223 04 7 | Sealing ring, drive pinion Lca | 67102 | 170684 | 6 | 34364850 | 2004/12/21 | 30,339 | 03-Warranty 0004 |

Page 1



EXHIBIT
A

6/12/2008 12:22:7

NelStar

**Vehicle Master Inquiry (VMI)**
**FOR INTERNAL USE ONLY**

| Damage Code | Damage Text | Dealer Code | RO No | Line No | Claim No | Repair Date | Miles | Service Type Seq No Code |
|---|---|---|---|---|---|---|---|---|
| 0 35321 04 7 | Bearing ring on side of axle h | 57102 | 170684 | 8 | 34364050 | 2004/12/23 | 30,339 | 03-Warranty 0003 |
| 0 54506 73 7 | Instrument cluster lighting Kl | 67102 | 170684 | 3 | 34364050 | 2004/12/23 | 50,339 | 03-Warranty 0002 |
| 0 68102 09 7 | Center console/storage tray su | 56113 | 545661 | 8 | 33272359 | 2004/08/13 | 26,354 | 03-Warranty 0002 |
| 0 72407 18 7 | Cover, front door loudspeaker | 56113 | 545661 | 7 | 33272359 | 2004/08/13 | 26,354 | 03-Warranty 0003 |
| 0 82204 74 7 | Brake lamp, taillamp unit Comb | 56113 | 545661 | A | 33272359 | 2004/08/13 | 26,354 | 03-Warranty 0001 |
| 0 31837 00 7 | FLEXIBLE SVC SYSTEM (FSS) SERV | 56113 | 545661 | B | 33258481 | 2004/08/13 | 26,354 | 03-Warranty 0001 |
| 0 62313 73 7 | Light source, general Electric | 56113 | 539840 | B | 32780281 | 2004/06/11 | 24,738 | 03-Warranty 0001 |
| 0 82201 38 7 | Headlamp unit Loose | 56113 | 522026 | A | 31534678 | 2003/12/24 | 20,484 | 03-Warranty 0001 |
| 0 31847 00 7 | FLEXIBLE SVC SYSTEM (FSS) SERV | 56113 | 520949 | A | 31560792 | 2003/12/16 | 20,466 | 03-Warranty 0001 |
| 0 58900 35 7 | Campaign 2003 070303, Replacin | 56113 | 520949 | D | 31560792 | 2003/12/16 | 20,466 | 02-KDM 0009 (Campaign) |
| 0 54001 73 7 | Battery Electrical fault | 56113 | 520949 | C | 31560792 | 2003/12/16 | 20,466 | 03-Warranty 0002 |
| 0 62313 73 7 | Light source, general Electric | 56113 | 518065 | A | 31277640 | 2003/11/10 | 20,204 | 03-Warranty 0001 |
| 0 21402 00 8 | SIGN AND DRIVE, "JUMPSTART" 8p | 22117 | 44826 | 1 | 27995221 | 2002/08/17 | 13,611 | 03-Warranty 0001 |
| 0 79031 38 7 | Trunk lock, trunk lid Loose | 22117 | 36115 | 1 | 27763832 | 2002/08/07 | 13,430 | 03-Warranty 0001 |
| 0 80602 73 7 | Transmitter, infrared/radio re | 22117 | 36115 | 3 | 27763832 | 2002/08/07 | 13,430 | 03-Warranty 0002 |
| 0 21402 00 8 | SIGN AND DRIVE, "JUMPSTART" 8p | 22117 | 33025 | 1 | 27531987 | 2002/07/16 | 13,163 | 03-Warranty 0001 |
| 0 79031 38 7 | Trunk lock, trunk lid Loose | 22117 | 28684 | 1 | 27538629 | 2002/07/05 | 13,126 | 03-Warranty 0001 |
| 0 79031 16 7 | Trunk lock, trunk lid Locks up | 22410 | 88280 | 1 | 26994882 | 2002/04/17 | 10,739 | 03-Warranty 0001 |
| 0 82757 73 7 | CD/DVD changer Electrical faul | 22410 | 88280 | 2 | 26994882 | 2002/04/17 | 10,739 | 03-Warranty 0002 |
| 0 86309 42 8 | Molding, nozzle, RCS Fits poor | 22410 | 88280 | 3 | 26994882 | 2002/04/17 | 10,739 | 03-Warranty 0003 |

**NetStar**

**Vehicle Master Inquiry (VMI)**
**FOR INTERNAL USE ONLY**

| Damage Code | Damage Text | Dealer Code | RO No | Line No | Claim No | Repair Date | Miles | Service Type Seq No Desc |
|---|---|---|---|---|---|---|---|---|
| 0 1833E 72 7 | Oil sensor, oil pan Electrical | 22410 | 23350 | C | 25696209 | 2002/03/08 | 8,283 | 03-Warranty 0002 |
| 0 21637 00 7 | FLOWIBLE SVC SYSTEM (F00) SERV | 22410 | 23350 | 7 | 25696209 | 2002/03/08 | 8,283 | 03-Warranty 0001 |
| 0 21401 00 8 | SIGN AND DRIVE, "FLATTIRE" Spe | 22105 | 64310 | A | 24558007 | 2001/09/21 | 1,404 | 03-Warranty 0001 |
| 0 21852 02 8 | DEALER PRE-DELIVERY Internal 1 | 22410 | I425711 | B | 25443713 | 2001/05/29 | 1 | 03-Warranty 0001 |
| 0 21852 01 8 | DEALER PRE-DELIVERY Follow-up | 22425 | I42571? | A | 24450917 | 2001/04/04 | 1 | 03-Warranty 0001 |

6/12/2008 12:22:7

CARFAX Vehicle History Report on WDBKK49F41F216190

CARFAX, INC
FAIRFAX, VA

# CARFAX Vehicle History Report™

An independent company establishing the trust



## 2001 MERCEDES-BENZ SLK 230
WDBKK49F41F216190
ROADSTER
2.3L L4 PFI DOHC 16V / REAR WHEEL DRIVE
Standard Equipment | Safety Options

HI-I'm the CARFAX Xpert™. I'm here to help you better understand the data in this CARFAX Report. Did you know...

- We checked over 5 billion records from thousands of data sources for this vehicle
- This vehicle qualifies for the CARFAX Buyback Guarantee
- The last reported odometer reading was 60,353

## SUMMARY

A CARFAX Vehicle History Report is based only on information supplied to CARFAX. Other information about this vehicle, including problems, may not have been reported to CARFAX. Use this report as one important tool, along with a vehicle inspection and test drive, to make a better decision about your next used car.

### OWNERSHIP HISTORY
The number of owners is estimated by CARFAX

| | OWNER 1 | OWNER 2 |
|---|---|---|
| Year purchased | 2001 | 2006 |
| Type of owner | Lease | — |
| Estimated length of ownership | 4 yrs. 3 mo. | 2 yrs. 2 mo. |
| Owned in the following states/provinces | Illinois, Pennsylvania | Georgia |
| Estimated miles driven per year | — | — |
| Last reported odometer reading | 37,608 | 60,353 |

### TITLE PROBLEMS
CARFAX guarantees the information in this section

| | OWNER 1 | OWNER 2 |
|---|---|---|
| Salvage | Junk | Rebuilt | Guaranteed No Problem | Guaranteed No Problem |
| Fire/Flood | Hall Damage | Buyback/Lemon | Guaranteed No Problem | Guaranteed No Problem |
| Not Actual Mileage | Exceeds Mechanical Limits | Guaranteed No Problem | Guaranteed No Problem |

GUARANTEED - None of these major title problems were reported by a state Department of Motor Vehicles (DMV). If you find that any of these title problems were reported by a DMV and not included in this report, CARFAX will buy this vehicle back.

### OTHER INFORMATION
Not all accidents or other issues are reported to CARFAX

| | OWNER 1 | OWNER 2 |
|---|---|---|
| Total Loss Check
No total loss reported to CARFAX. | No Issues Reported | No Issues Reported |
| Structural / Frame Damage Check
No structural / frame damage reported to CARFAX. | No Issues Reported | No Issues Reported |
| Airbag Deployment Check
No airbag deployment reported to CARFAX. | No Issues Reported | No Issues Reported |
| Odometer Rollback Check
No indication of an odometer rollback. | No Issues Indicated | No Issues Indicated |
| Accident Check | No Issues | No Issues |

CARFAX Vehicle History Report on WDBKK49F41F216190                    Page 2 of 3

| No accidents reported to CARFAX. | | Reported | Reported |
|---|---|---|---|
| **Manufacturer Recall Check**<br>No recalls still require repair. | | No Recalls Reported | No Recalls Reported |

Tell us what you know about this vehicle

## DETAILS                                                          Glossary

A CARFAX Vehicle History Report is based only on information supplied to CARFAX. CARFAX checked over 5 billion vehicle history events and found 14 record(s) for this 2001 MERCEDES-BENZ SLK 230 (WDBKK49F41F216190).

### OWNER 1

| Purchased: | 2001 |
|---|---|
| Type: | Lease |
| Where: | Illinois, Pennsylvania |
| Est. miles/year: | — |
| Est. length owned: | 9/17/01 - 1/10/06 (4 yrs. 3 mo.) |

| Date: | Mileage: | Source: | Comments: |
|---|---|---|---|
| 09/17/2001 | | Illinois Motor Vehicle Dept. Warrenville, IL | First owner reported Registered as lease vehicle |
| 01/04/2002 | | Illinois Motor Vehicle Dept. Warrenville, IL Title #T2004869030 | Title issued or updated Title or registration issued Correction to record Registered as lease vehicle |
| 02/18/2005 | | Pennsylvania Motor Vehicle Dept. Pittsburgh, PA | Title issued or updated Owner purchased from leasing company |
| 01/10/2006 | 37,105 | Dealer Inventory | Vehicle offered for sale |
| 01/30/2006 | | Service Plan Co. Atlanta, GA | Service contract issued |
| 01/30/2006 | | Georgia Motor Vehicle Dept. Atlanta, GA | Vehicle purchase reported |
| 02/13/2006 | 37,608 | Georgia Inspection Station | Passed emissions inspection |
| 03/08/2006 | | Illinois Motor Vehicle Dept. Downers Grove, IL Title #X6067960012 | Title issued or updated Dealer took title of this vehicle while it was in inventory |

### OWNER 2

| Purchased: | 2006 |
|---|---|
| Where: | Georgia |
| Est. miles/year: | — |
| Est. length owned: | 3/24/06 - present (2 yrs. 2 mo.) |

| Date: | Mileage: | Source: | Comments: |
|---|---|---|---|
| 03/24/2006 | 39,000 | Georgia Motor Vehicle Dept. Atlanta, GA Title #774019060831001 | Title issued or updated New owner reported Loan or lien reported Vehicle color noted as Silver |
| | | | If you are buying this vehicle from a private seller, check to be sure any associated lien on the vehicle has been paid off. |
| 02/10/2007 | 51,873 | Georgia Inspection Station | Passed emissions inspection |
| 02/11/2007 | | Georgia Motor Vehicle Dept. Atlanta, GA Title #774019060831001 | Registration issued or renewed Vehicle color noted as Silver |

CARFAX Vehicle History Report on WDBKK49F41F216190                    Page 3 of 3

| | | | |
|---|---|---|---|
| 02/22/2008 | 60,353 | Georgia Inspection Station | Passed emissions inspection |
| 02/25/2008 | | Georgia Motor Vehicle Dept. Atlanta, GA Title #774019050831001 | Registration issued or renewed Registration updated when owner moved the vehicle to a new location Vehicle color noted as Silver |
| 06/17/2008 | | Mercedes-Benz USA, Inc. | No recalls open for repair |

Tell us what you know about this vehicle

Have Questions? Consumers, please visit our Help Center at www.carfax.com. Dealers or Subscribers, please visit our Help Center at www.carfaxonline.com.

**GLOSSARY**                                                          View Full Glossary

- **First Owner**
  When the first owner(s) obtains a title from a Department of Motor Vehicles as proof of ownership.
- **Lease**
  When someone leases a car from a dealer, the dealer actually sells the vehicle to a leasing company. The leasing company then collects payments for the vehicle from the new owner for 24, 36, 48 or more months. A leasing company can be an independent car dealer or a car manufacturer.
- **New Owner Reported**
  When a vehicle is sold to a new owner, the Title must be transferred to the new owner(s) at a Department of Motor Vehicles.
- **Ownership History**
  CARFAX defines an owner as an individual or business that possesses and uses a vehicle. Not all title transactions represent changes in ownership. To provide estimated number of owners, CARFAX proprietary technology analyzes all the events in a vehicle history. Estimated ownership is available for vehicles manufactured after 1994 and titled solely in the US including Puerto Rico. Dealers sometimes opt to take ownership of a vehicle and are required to in the following states: Maine, Massachusetts, New Jersey, Ohio, Oklahoma, Pennsylvania and South Dakota. Please consider this as you review a vehicle's estimated ownership history.
- **Title Issued**
  A state issues a title to provide a vehicle owner with proof of ownership. Each title has a unique number. Each title or registration record on a CARFAX report does not necessarily indicate a change in ownership. In Canada, a registration and bill of sale are used as proof of ownership.

CARFAX DEPENDS ON ITS SOURCES FOR THE ACCURACY AND RELIABILITY OF ITS INFORMATION. THEREFORE, NO RESPONSIBILITY IS ASSUMED BY CARFAX OR ITS AGENTS FOR ERRORS OR OMISSIONS IN THIS REPORT. CARFAX FURTHER EXPRESSLY DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. CARFAX®

© 2008 CARFAX, Inc., an R.L. Polk & Co. company. All rights reserved. Patents pending. 17.Jun.2008 12:17:02